IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Therapia Staffing, LLC, | ) | C/A No. 6:19-cv-01510-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Quality Business Solutions, LLC, *f/k/a* Quality Business Solutions, Inc.*, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| Quality Business Solutions, LLC, *f/k/a* Quality Business Solutions, Inc.*, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Sunz Insurance Solutions, LLC, and Wesco Insurance Company | ) | |
| _____ | ) | |

This matter is before the Court on Wesco Insurance Company's ("Wesco") motion to set aside default judgment. ECF No. 61. Quality Business Solutions, LLC, ("QBS") filed a response in opposition, and Wesco filed a reply. ECF Nos. 65, 66.

In accordance with 28 U.S.C. §636(b) and Standing Order *In Re: Magistrate Judge Case Equalization Plan*, No. 3:12-mc-00386-MBS (D.S.C. Nov. 7, 2012), the motion was referred to United States Magistrate Judge Kevin F. McDonald for a Report and Recommendation ("Report"). On March 24, 2022, the Magistrate Judge issued a Report recommending that the motion be granted. ECF No. 69. QBS filed objections, and Wesco filed a reply. ECF Nos. 72, 79.

1

### APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

### ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the facts and applicable law, which the Court incorporates by reference. Briefly, QBS filed its third-party complaint on September 4, 2019. ECF No. 26. On November 4, 2019, it requested entry of default as to Wesco, which was entered by the Clerk the same day. ECF Nos. 33, 34. On March 3, 2021, QBS filed a motion for default judgment. ECF No. 51. A hearing on the motion was held on April 26, 2021, and an Order granting the motion for default judgment was issued on May 12, 2021. ECF Nos. 57, 59.

Wesco filed the instant motion on November 10, 2021. ECF No. 61. The Magistrate Judge recommends granting Wesco's motion to set aside default judgment. ECF No. 69. QBS objects and argues that "(1) the R&R improperly places the burden on QBS; (2) the R&R improperly applies the standard for relief from default judgment; and (3) Wesco has failed to present sufficient evidence that relief from default judgment should be granted." ECF No. 72 at 2. The Court will address QBS's specific objections in turn.

*Excusable Neglect*

The Magistrate Judge determined that Wesco has demonstrated excusable neglect. ECF No. 69 at 7–10. QBS objects and argues that the Magistrate Judge incorrectly relies on the Fourth Circuit's ruling in *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894 (4th Cir. 1987). ECF No. 72 at 3–7. QBS asserts that the Magistrate Judge failed to analyze whether Wesco's proposed excuse for the default, that is, the existence of some internal controls, constitutes excusable neglect. QBS maintains that Wesco's procedures for review are insufficient and careless. Upon de novo review of the record, the applicable law, and the Report, the Court disagrees.

As explained in more detail in the Report, Wesco has methodically explained its process for reviewing incoming documents for service of process. Upon review, the Court agrees with the Magistrate Judge that Wesco's default occurred because of a misunderstanding and not a systematic failure to effectively review incoming process. *Cf. Park Corp.,* 812 F.2d at 897 ("Because Lexington could give no reason for the loss of the

3

complaint, the district court could not determine whether it had an acceptable excuse for lapsing into default."). Accordingly, QBS's objections are overruled.[1]

***Timeliness***

The Magistrate Judge found that Wesco's motion is timely because it was made within six months of the entry of default judgment and, he further notes, within seven days of learning of the default judgment. ECF No. 69 at 4–5. QBS objects and argues that Wesco's delay is unreasonable and is demonstrative of its faulty internal review process. ECF No. 72 at 7–9. Upon de novo review of the record, the applicable law, and the Report, the Court disagrees.

As noted by the Magistrate Judge, Wesco filed the Motion at hand within one week of being served with notice of the entry of default judgment by QBS and within six months of entry of default. While it may not have been QBS's responsibility to serve Wesco sooner, Wesco certainly moved with reasonable promptness once it knew of the default. With respect to QBS's arguments regarding Wesco's internal review process, the Court has already addressed this argument in the discussion on excusable neglect. Accordingly, QBS's objections are overruled.

***Prejudice***

The Magistrate Judge determined that QBS would not be unfairly prejudiced by setting aside the default judgment. ECF No. 69 at 6–7. QBS objects and argues that it

---

[1] In its objections, QBS states that "Wesco remarkably admits that it defaults at a rate of at least once a year." ECF No. 72 at 4. While that could certainly be cause for concern, QBS has mischaracterized Wesco's statement. *See* ECF No. 61-5 at 3.

4

was prejudiced by litigating the primary case without any input or information from Wesco and that it cannot identify which witnesses are critical to this litigation because Wesco is now making new allegations against new parties. ECF No. 72 at 10–14. Upon de novo review of the record, the applicable law, and the Report, the Court disagrees.

As an initial matter, the Court agrees with the Magistrate Judge that some of the delay in this case was of QBS's own making. For example, it is true that over two years have passed since the third-party complaint was filed in this case; however, QBS also waited more than one year between requesting entry of default and moving for default judgment. Moreover, it appears that some of QBS's claims of prejudice are speculative. *See* ECF No. 72 at 12 ("QBS cannot even identify which witnesses are critical to this litigation, as QBS has not had access to relevant discovery from Wesco for over two years . . . ."). Finally, the Court agrees with the Magistrate Judge that while QBS has settled with Therapia Staffing, LLC, QBS would still be expected to carry the burden of proving Wesco's liability as a third-party defendant irrespective of the prior settlement. Accordingly, QBS's objections are overruled.

### *Meritorious Defenses*

The Magistrate Judge determined that Wesco presented several defenses to the claims against it. ECF No. 69 at 5–6. QBS objects and asserts that Wesco's proposed defenses are conclusory and insufficient. ECF No. 72 at 15. Upon de novo review of the record, the Report, and the applicable law, the Court agrees with the Magistrate Judge that, at this stage, Wesco has provided sufficient evidence that, if believed, could result in judgment in its favor. Accordingly, QBS's objections are overruled.

*Attorneys' Fees*

In its objections, QBS requests that, in the event the Court grants Wesco's motion, Wesco pay QBS's attorneys fees and costs associated with the default judgment. ECF No. 72 at 16. The Court notes that objections to a Report may not be the most appropriate document in which to raise this issue; nevertheless, the Court finds that the request should be granted in this case. Accordingly, Wesco shall pay all costs and fees of QBS related to the entry of default, its motion for default judgment, and its defense of Wesco's motion to set aside default judgment. To that end, QBS shall file a bill of costs and affidavit of counsel as to applicable fees within ten days. If Wesco objects to any portion of the bill of costs, it should file objections within five days thereafter; if Wesco has no objections, it shall pay that amount to QBS's counsel within ten days.

## **CONCLUSION**

Accordingly, the Court adopts and incorporates the Report of the Magistrate Judge. Wesco's motion to set aside default judgment [61] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 18, 2022
Spartanburg, South Carolina